■ In the Matter of the Arbitration between Susquehanna Valley Central School District at Conklin, Appellant, and Susquehanna Valley Teachers' Association et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered January 17, 1978 in Broome County, which denied petitioner's application pursuant to CPLR article 75, for an order staying arbitration pursuant to a collective bargaining agreement of a dispute between the parties. There is no substantial dispute of the essential facts underlying this controversy. In February, 1977 respondent Cross was a substitute music teacher and thereafter appointed a "permanent substitute" for the balance of the school year. He disagreed with this classification and filed an appeal pursuant to section 310 of the Education Law to the Commissioner of Education demanding a probationary appointment. Petitioner agreed and complied. The appeal to the commissioner was withdrawn. In April of 1977 the superintendent of petitioner notified Cross that his dismissal would be recommended at the end of the school year. Pursuant to section 3031 of the Education Law, Cross asked for and was given the reason for the recommendation. He then filed his second appeal to the commissioner, alleging that he was being dismissed in reprisal for his first appeal. At about the same time, respondent teachers' association filed a grievance "on behalf of Daniel Cross", also claiming improper evaluations and that the same were reprisals. The association ultimately demanded arbitration of the grievance. Subsequently, the commissioner dismissed the

appeal by Cross on the ground that he had failed to meet his burden of showing that commencement of the first appeal was a substantial or motivating factor in petitioner's decision to dismiss him. Thereafter, Special Term denied petitioner's application for a stay of arbitration and granted respondent's cross motion to compel arbitration. This appeal ensued. In *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509, 513) the Court of Appeals set forth two criteria which must be met in order to establish a valid agreement to arbitrate a specific dispute involving a public sector collective bargaining agreement as follows: (1) the arbitration claims with respect to the particular subject matter must be authorized by the terms of the Taylor Law; and (2) such authority must have been in fact exercised and the parties must have agreed by the terms of the arbitration clause to refer their differences in this specific area to arbitration. That the first requirement has been satisfied is not in dispute. As to the second requirement, we are of the view that the charge concerning improper evaluation is includable within the arbitration clause. A reading of the agreement, particularly subdivisions (B) and (C) of article 6 and subdivision (B) of article 20, clearly demonstrates that the issue of improper evaluation is subject to arbitration. There is, however, no clear indication that the reprisal issue itself is arbitrable. Having determined that the issue of improper evaluation is arbitrable, we conclude that Special Term properly denied petitioner's motion to stay arbitration. We are also of the opinion that all contentions urged by petitioner to negate arbitrability based on the fact that Cross simultaneously appealed to the commissioner pursuant to section 310 of the Education Law while the teachers' association followed the contract's grievance procedure are disposed of contrary to such contentions by the decision of the Court of Appeals in *Matter of City School Dist. of City of Poughkeepsie (Poughkeepsie Public School Teachers Assn.)* (35 NY2d 599). The order, therefore, must be affirmed. Order affirmed, without costs. Greenblott, J. P., Sweeney, Main and Mikoll, JJ., concur.

Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting). Unless the parties have clearly and unequivocally agreed to submit a given dispute to arbitration, *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509) instructs us that the claim should be withheld from the arbitrator. If, as the majority suggests, there is doubt whether the parties meant to commit the issue of reprisal to arbitration under their agreement, it would follow that the present judgment should be modified to stay arbitration of that question. Nevertheless, since the arbitration clause of the agreement before us is broad and contains no definite exclusions, I would ordinarily be inclined to accept the majority's evident conclusion, in accordance with *Liverpool* rationale, that the matter should proceed to arbitration. However, I cannot agree with its disposition of petitioner's contentions relating to waiver and election of remedies. *Matter of City School Dist. of City of Poughkeepsie (Poughkeepsie Public School Teachers Assn.)* (35 NY2d 599), relied on by the majority, only determined that priority of recognition between a proceeding before the Commissioner of Education (Education Law, § 310) and a contractual grievance procedure culminating in arbitration could not be settled under the circumstances of that case (35 NY2d 599, 605). It was noted that both remedies had been concurrently and diligently pursued and that there was no prospect of incongruity of double result because the grounds urged for relief were founded on discrete interests (35 NY2d 599, 606). Here, by way of contrast, Cross' appeal to the commis-

sioner, whatever its statutory origins, matched the very complaint his association pressed on his behalf under the collective bargaining agreement. While there may have been no waiver involved in pursuing both remedies simultaneously, the commissioner has now resolved the matter and that should be the end of it. The agreement specifically preserved the right of teachers to seek other avenues of redress, but having failed in such an effort it would be illogical, unfair and contrary to principles of collateral estoppel to allow the commissioner's binding determination of the same issues to be reviewed in another forum. Respondents may not have waived either remedy initially, yet the election to proceed to a conclusion with one deserves to be given effect (see *Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122, 132). The majority in *Liverpool (supra)* did not disapprove of the reasoning employed in the concurring opinion (42 NY2d 509, 515) and I would apply the distinction of *Poughkeepsie (supra)* contained therein to the circumstances of this case (see 42 NY2d 509, 516).